IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PAULA LOUISE CARTER, | ) |
| | ) |
| Petitioner/Defendant, | ) |
| | ) |
| vs. | ) CIVIL NO. 05-326-GPM |
| | ) |
| UNITED STATES OF AMERICA, | ) CRIMINAL NO. 98-30141-GPM |
| | ) |
| Respondent/Plaintiff. | ) |

## MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

This matter is before the Court on Petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. This motion was filed by Petitioner, *pro se*, and the Government has not filed written responses to this motion. For the reasons set forth below, the motion is denied.

Pursuant to a plea agreement, Petitioner pleaded guilty to two counts of maintaining a residence for the purpose of distributing cocaine base, in violation of 21 U.S.C. § 856(a)(1), and three counts of distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1). On July 26, 1999, Petitioner was sentenced to 235 months imprisonment on each count, to be served concurrently, three years supervised release, a special assessment of $500, and a fine of $2,500. The Government moved, pursuant to Federal Rule of Criminal Procedure 35, for a reduction of her sentence. The motion was granted on December 1, 2000, and the sentence of imprisonment was reduced to 157 months.

Petitioner sent a letter to the Court on March 26, 2001, asking that the Court "look into" her case. The Court construed the letter as a motion pursuant to 28 U.S.C. § 2255 and denied it as time-

barred on April 17, 2001. *See Carter v. United States*, Case No. 01-235-GPM (S.D. Ill., filed March 29, 2001). On appeal, the Seventh Circuit vacated the order and remanded the case, holding that Petitioner should have received notice that the Court intended to construe her letter as a Section 2255 motion and should have been given a chance to withdraw it. *See Carter v. United States*, 312 F.3d 832 (7th Cir. 2002). On remand, the Petitioner raised four grounds for relief: (1) that the indictment was silent as to drug amounts, in violation of *Apprendi v. New Jersey*, 530 U.S. 120 (2000); (2) although the indictment was silent as to the use of a weapon, Petitioner's sentenced was enhanced by two points for use of a weapon; (3) that she received ineffective assistance of counsel because the plea failed to mirror the indictment, leading to unlawful sentencing enhancements; and (4) the Court's drug-quantity determination was based on hearsay or, at best, a preponderance of the evidence, resulting in a miscalculation of her base offense level. The Court found that Petitioner's grounds for relief implicated Sixth Amendment rights that, in light of the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296 (2004), may have been infringed. Without reaching the merits, the Court dismissed the petition without prejudice to refiling in the event *Blakely* were to be applied retroactively to cases on collateral review.

Petitioner brings the instant petition, filed May 5, 2005, raising the same four grounds for relief and arguing that the Supreme Court's ruling in *United States v. Booker*, 543 U.S. 220 (2005), should be applied retroactively to cases on collateral review.

Shortly after the Supreme Court decided *Booker*, the Seventh Circuit held that the decision did not apply retroactively to convictions that were final prior to the *Booker* decision. *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005). *See also Guzman v. United States*, 404 F.3d 139, 144 (2nd Cir. 2005) (*Booker* does not apply retroactively on collateral review); *Lloyd v. United*

*States*, 407 F.3d 608, 615-16 (3ᵈ Cir. 2005) (same); *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005) (same); *United States v. Bellamy*, 411 F.3d 1182, 1186 (10th Cir. 2005) (same); *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005) (same). Accordingly, Petitioner cannot obtain the desired relief under 28 U.S.C. § 2255.

Even if relief were available based on *Booker*, the motion would be barred. Petitioner entered into a plea agreement with the Government in an attempt to benefit herself. In exchange for the benefits she received, Petitioner waived her right to a direct appeal and to a collateral attack under Section 2255. Specifically, the plea agreement provides in relevant part:

> The Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, the Defendant knowingly waives the right to appeal any sentence within the maximum provided in the statute(s) of conviction (or the manner in which the sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, in exchange for the concessions made by the United States in this plea agreement. The Defendant also waives her right to challenge her sentence or the manner in which it was determined in any collateral attack, including but not limited to a motion brought under Title 28, United States Code, Section 2255.

Plea agreement at ¶ II-12 (Doc. 25, criminal case).

The Seventh Circuit has held that "a waiver of a right to appeal contained within a guilty plea is enforceable," provided the waiver is knowing and voluntary. *United States v. Feichtinger*, 105 F.3d 1188, 1190 (7th Cir.), *cert. denied*, 117 S. Ct. 2467 (1997); *United States v. Schmidt*, 47 F.3d 188, 190 (7th Cir. 1995). *See also United States v. Wenger*, 58 F.3d 280, 281 (7th Cir.), *cert. denied*, 116 S. Ct. 349 (1995). A waiver will not be enforced, however, if the district judge relied on impermissible facts in sentencing (for example, the defendant's race or gender) or if the judge sentenced the defendant in excess of the statutory maximum sentence for the offense committed. *Feichtinger*, 105 F.3d at 1190.

Similarly, the Seventh Circuit has found that a waiver of Section 2255 relief in a plea agreement is enforceable and should be treated no differently than the waiver of a direct appeal. *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999). Indeed, the Seventh Circuit has specifically stated that both statutory and constitutional rights can be waived in a plea agreement. *Id.* at 1144; *United States v. Woolley*, 123 F.3d 627, 631-32 (7th Cir. 1997); *Feichtinger*, 105 F.3d at 1190. Petitioner does not contend that her sentence was not within the maximum provided for in the statute, nor does she contend that the Court relied upon any impermissible factors such as race or gender in determining her sentence. Consequently, there is no basis in the record for avoiding this waiver.

Petitioner cannot obtain the desired relief under Section 2255. Furthermore, because the waiver provisions of a plea agreement are enforceable, Petitioner has waived any right to bring this Section 2255 motion. Accordingly, Petitioner's motion pursuant to 28 U.S.C. § 2255 is **DENIED**, and this action is **DISMISSED** on the merits.

**IT IS SO ORDERED.**

DATED:  05/09/06

      s/ G. Patrick Murphy
      G. PATRICK MURPHY
      Chief United States District Judge